UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEREMY DEWAYNE FOSTER, Petitioner | CIVIL ACTION NO. 5:18-CV-1577-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Jeremy Dewayne Foster ("Foster") (#609509). Foster is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rayburn Correctional Center in Angie, Louisiana. Foster challenges his convictions and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Foster's claims are not fully exhausted, and he cannot show that the state courts' decisions were contrary to or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts in light of the evidence presented, his Petition (ECF No. 1) should be DENIED and DISMISSED.

I. **Background**

Foster was charged by separate bills of information, in separate case numbers, with armed robbery, four counts of simple burglary, and two counts of simple arson. *See* ECF 14-3, at 18, 233, 321; ECF 14-4, at 9, 102, 195, 306. Following a guilty plea

to all charges, Foster was convicted. *State v. Foster*, 50,535 (La. App. 2 Cir. 4/13/16), 194 So.3d 674. Foster was sentenced to a total term of imprisonment of 32 years. *Id.* A motion for reconsideration was filed and denied. ECF No. 14-3 at 135-36, 140.

Foster's cases were consolidated for appeal. ECF No. 14-5, at 2. Foster argued that his sentence was excessive. ECF No. 14-5, at 8. The Louisiana Second Circuit Court of Appeal affirmed the sentences for the armed robbery and simple arson convictions, but vacated the burglary sentences as indeterminate, and remanded those to the trial court for resentencing to specify whether the sentences were imposed with or without hard labor. *State v. Foster*, 50,535 (La. App. 2 Cir. 4/13/16), 194 So.3d 674. Foster did not seek further review in the Louisiana Supreme Court. The district judge resentenced Foster to the same term, specifying that the sentences were to be served with hard labor. ECF No. 14-5 at 41.

Foster filed an application for post-conviction relief, which was signed on March 21, 2017. Foster raised four claims: (1) the trial court exceeded its jurisdiction; (2) the bills of information were defective; (3) Foster was subjected to double-jeopardy; and (4) trial and appellate counsel provided ineffective assistance. ECF No. 7-1 at 30-42, 48. The trial court denied the application. ECF No. 7-1 at 48-53.

The appellate court denied writs on the showing made. ECF No. 7-1 at 18. *State v. Foster*, 51,754 (La. App. 2 Cir. 8/17/17).

Foster filed a writ application in the Louisiana Supreme Court, which consisted of a letter complaining of the alleged defects in the bills of information and the lack of jurisdiction. ECF No. 14-5 at 205-06. Foster attached his prior motions

2

and applications. The Louisiana Supreme Court denied writs, noting: "Relator shows no lower court error." *Foster v. State*, 2017-1538 (La. 11/14/18), 256 So. 3d 982.

## II. Law and Analysis

### A. Rule 8(a) Resolution

The Court is able to resolve Foster's § 2254 Petition without the necessity of an evidentiary hearing because there are no genuine issues of material fact relevant to Foster's claims, and the state court records provide an adequate factual basis. *See Moya v. Estelle*, 696 F.2d 329, 332-33 (5th Cir. 1983); *Easter v. Estelle*, 609 F.2d 756, 761 (5th Cir. 1980); Rules Governing Section 2254 Cases.

### B. Standard of Review

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and substitute its own opinions for the determinations made by the trial judge. *See Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to or

involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001).

Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's claim has been "adjudicated on the merits" in state court; if it has, the AEDPA's highly deferential standards apply. *See Davis*, 135 S. Ct. at 2198 (citing *Richter*, 562 U.S. at 103).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable.

4

*See Martin*, 246 F.3d at 476. An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *see also Davis*, 135 S. Ct. at 2199 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

### C. Foster's claim regarding the trial court's jurisdiction is unexhausted and meritless.

The AEDPA requires a prisoner in state custody to exhaust his state court remedies before seeking federal habeas relief. A petitioner exhausts a claim by properly presenting it, either on direct appeal or post-conviction application, all the way to the state's highest court. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). The claim must be presented to the state court within a federal constitutional framework. *Scott v. Hubert*, 635 F.3d 659, 667 (5th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27 (2004) (claim in state court petition for ineffective assistance of appellate counsel not exhausted because not identified as federal in nature).

Based on the record, it does not appear that Foster presented the federal nature of his jurisdictional claim to the state courts. In his post-conviction application, Foster specifically alleged that the trial court exceeded its jurisdiction under the Louisiana Constitution because Foster was charged with a state crime of armed robbery, when he actually committed the federal crime of bank robbery. ECF No. 14-5 at 125. Thus, to the extent Foster now attempts to raise a federal constitutional claim, the claim is unexhausted. *See Nickleson v. Stephens*, 803 F.3d

5

748, 753 (5th Cir. 2015) (citing *Vela v. Estelle*, 708 F.2d 954, 958 n. 5 (5th Cir. 1983) (where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement).

Moreover, Foster's claim is now procedurally defaulted because any attempt to now raise the federal claim in the state court would be considered untimely and repetitive under Louisiana procedural rules. *See* La. C. Cr. P. arts. 930.8, 930.4. Because Louisiana law would preclude review of Foster's claim, there is an adequate state procedural ground to prevent federal review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Procedural default prevents federal review of a habeas claim absent a showing by the petitioner of cause for the default and actual prejudice, or that a fundamental miscarriage of justice would result from failure to consider the claim. *Id.* at 220. Foster was not prevented from timely raising the federal nature of his claim, so he cannot show good cause or prejudice.

Furthermore, Foster cannot show a fundamental miscarriage of justice because the claim is meritless. In pleading guilty to the armed robbery charge, Foster agreed to the factual basis that established his guilt. ECF No. 14-3 at 182-84. Foster still does not dispute that he committed the acts presented in the factual basis. Rather, he claims that he is actually guilty of federal bank robbery rather than a state crime. Foster's claim was rejected by the district judge, who explained to Foster that, although he could have been charged with federal bank robbery, he could also be

6

charged with and convicted of armed robbery in violation of Louisiana law. ECF No. 14-5 at 114. Foster does not show that the adjudication of this claim by the state court was either contrary to or involved any unreasonable application of clearly established federal law determined by the United States Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §2254(d).

### D.   Foster's claim regarding the bill of information is unexhausted and meritless.

Foster alleges that his federal constitutional rights were violated by a defective bill of information. Specifically, Foster claims that the bill charging him with armed robbery does not indicate who or what was robbed. *See* ECF No. 1-2 at 5. On post-conviction review, Foster relied on Louisiana law to support this claim. ECF No. 14-5 at 128, 167. Foster's claim is now procedurally defaulted, because any attempt to raise the federal claim in the state court at this time would be considered untimely and repetitive under Louisiana procedural rules. *See* La. C. Cr. P. arts. 930.8, 930.4.

Furthermore, according to the United States Court of Appeals for the Fifth Circuit, "'[i]t is settled in this Circuit that the sufficiency of a state indictment is not a matter for federal habeas corpus relief *unless* it can be shown that the indictment is so defective that the convicting court had no jurisdiction.'" *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009) (quoting *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980); *see also McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). However, when the highest court of a state has held—expressly or implicitly—that the indictment was sufficient under state law, the federal habeas review ends. *Coleman v. Taylor*, 49

7

F.3d 728 (5th Cir. 1995) (citing *Alexander v. McCotter*, 775 F.2d 595, 598-99 (5th Cir. 1985)); *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984).

The trial judge considered the claim of the sufficiency of the bill of information, and concluded:

> The only bill of information in Petitioner's case that raises a potential technical deficiency is the one filed charging Petitioner with Armed Robbery. The Armed Robbery bill of information charges Petitioner with a robbery on February 5, 2013, but does not identify the premises or location thereof. While this bill does not establish as many details as those filed charging Petitioner with the burglaries and arsons, Petitioner acknowledges in his application for post-conviction relief that the robbery took place at Capital One Bank. As such, Petitioner was fairly informed of this and all of the other charges against him and was not prejudiced by any lack of notice. Furthermore, after a review of the record, it appears to the Court that Petitioner did not object to the sufficiency of this bill of information prior to his convictions. Therefore, Petitioner cannot now call the technical sufficiency of these bills into question. Thus, the bills of information are valid and the Court did not exceed its jurisdiction in convicting and sentencing Petitioner pursuant thereto.

ECF No. 14-5 at 113-14.

Thus the trial court found that the bill of information was valid. *Id.* A writ was denied on the showing made by the Louisiana Second Circuit Court of Appeal, and the Louisiana Supreme Court denied writs, finding "no lower court error." ECF No. 14-5 at 215, 286. Therefore, the claim is not subject to federal habeas review.

III. Conclusion

Because Foster's claims are not fully exhausted, and he cannot show that the state courts' decisions were contrary to or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of

the facts in light of the evidence presented, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

9

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 3rd day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE